UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LPI INC., <br><br> Plaintiff, <br><br> v. <br><br> REBOOT LABS LLC, <br><br> Defendant. <br><br> REBOOT LABS LLC, <br><br> Counter Claimant, <br><br> v. <br><br> LPI INC., <br><br> Counter Defendant. | No. 2:22-cv-01428-DAD-KJN <br><br> ORDER TRANSFERRRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO THE STIPULATION OF THE PARTIES AND 28 U.S.C. § 1404(a) <br><br> (Doc. No. 16) |

This matter is before the court on the parties' joint motion to transfer this action to the United States District Court for the Central District of California, Los Angeles Division. (Doc. No. 16.) The motion is brought pursuant to 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Where "the parties have consented" to the transfer, "the court need only facially verify that transfer is in the interests of

justice and is for the convenience of the parties and witnesses." *Gibson v. Certified Credit Reporting, Inc.*, No. 5:22-cv-00327-ODW-MAA, 2022 WL 2965772, at *1 (C.D. Cal. May 3, 2022).

Here, the parties assert that the district court in Los Angeles is a more convenient venue for them and their counsel, whose offices are located in the Beverly Hills and Newport Beach, California. (Doc. No. 16 at 2.) The parties also note that although they have not identified which witnesses will be called to testify in this case, they do not believe that venue in Los Angeles will be less convenient to their anticipated witnesses than venue in Sacramento. (*Id.* at 2.) In addition, it appears that plaintiff could have initially brought this patent infringement action in the U.S. District Court for the Central District of California because, in the complaint, plaintiff alleges that defendant (a California Limited Liability Company) infringed its patent by manufacturing, distributing, and selling allegedly infringing products throughout the United States. (Doc. No. 1 at ¶¶ 7, 8, 27.)

In light of the parties' representations and their stipulated motion requesting that this case being transferred, the court concludes that transfer of this case to the U.S. District Court for the Central District of California, Los Angeles Division, would be in the interests of justice and convenient for the parties. *See May v. Arthur J. Gallagher & Co.*, No. 3:21-cv-08301-EMC, 2021 WL 5053104, at *1 (N.D. Cal. Nov. 1, 2021) (transferring action pursuant to parties' joint stipulation to transfer under § 1404(a)). The court will therefore grant the motion to transfer.

Accordingly,

1. The parties' joint motion to transfer this action to the Central District of California (Doc. No. 16) is granted; and

2. The Clerk of the Court is directed to transfer this action to the United States District Court for the Central District of California, Los Angeles Division.

IT IS SO ORDERED.

Dated:  **October 28, 2022**                              /s/ Dale A. Drozd
                                                          UNITED STATES DISTRICT JUDGE